927 So.2d 650 (2006)
STATE of Louisiana, Appellee
v.
Thomas Lee HUMPHRIES, Jr., Appellant.
No. 40,810-KA.
Court of Appeal of Louisiana, Second Circuit.
April 12, 2006.
*652 Louisiana Appellate Project by W. Jarred Franklin, Kurt J. Goins, Assistant Indigent Defender, for Appellant.
Thomas Lee Humphries, Jr., pro se.
Paul J. Carmouche, District Attorney, William J. Edwards, Dhu Thompson, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before PEATROSS, DREW & MOORE, JJ.
PEATROSS, J.
This appeal arises from the conviction of Thomas Lee Humphries, Jr. ("Defendant") on two counts of aggravated rape and two counts of molestation of a juvenile involving minors, H.F. and K.H. Defendant was sentenced to life imprisonment at hard labor for each of the aggravated rape counts and to 12 years on each of the molestation of a juvenile counts. He now appeals, urging four assignments of error. For the reasons set forth herein, Defendant's conviction and sentence on all counts are affirmed.

FACTS
In early September 2002, while responding to a call, police officers in Oil City, Louisiana, noticed that the children residing with Defendant and his wife, mother of H.F. (d.o.b. 1/20/95) and K.H. (d.o.b. 9/1/97), were living in unsanitary conditions. As a result, H.F. was temporarily placed with Laura Morris, the mother's sister; and K.H. was placed with her grandmother, Bobbie Broom. During this time, Ms. Morris contacted authorities claiming that H.F. had been molested by Defendant. H.F. was interviewed at the Gingerbread House, where she disclosed several instances of Defendant's sexual misconduct towards her. H.F. was given a physical examination by Dr. Jennifer Rodriguez, a board certified pediatrician specializing in examining child abuse victims at the LSU-HSC. Dr. Rodriguez found no medically objective evidence of sexual molestation.
In light of the situation, K.H., H.F.'s half-sister, was also interviewed at the Gingerbread House, and she too claimed that Defendant "touched her" inappropriately. K.H. was given a physical examination by Dr. Ann Springer, a board certified pediatrician specializing in examining child abuse victims and certain behavioral *653 disorders, who found that the minor child's hymen was distorted and diagnosed her as having sexual molestation with traumatic penetration and "a hymeneal laceration with urethral distortion." The victims claimed that the offenses were committed against both of them sometime between September 2001 and September 2002.
On March 18, 2005, a jury of 12 returned with guilty verdicts on every count. Defendant timely filed a motion for new trial and a motion for post-verdict judgment of acquittal and/or modification, both of which were denied. On April 4, 2005, Defendant was sentenced to life imprisonment at hard labor for each aggravated rape count and 12 years at hard labor for each molestation of a juvenile count. From this conviction and sentence, he now appeals, urging four assignments of error.

DISCUSSION

Assignment of Error Number One and Number Two: There was insufficient evidence produced at trial to prove beyond a reasonable doubt that the defendant committed the offenses of aggravated rape and molestation of a juvenile upon H.F. and K.H.
Defendant initially argues that the State did not carry its burden of proof as required by Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as embodied in La. C. Cr. P. art. 821. More to the point, he urges that the State failed to introduce sufficient evidence that Defendant committed aggravated rape under La. R.S. 14:42, which states:
A. Aggravated rape is a rape committed upon a person sixty-five years of age or older or where the anal, oral, or vaginal sexual intercourse is deemed to be without lawful consent of the victim because it is committed under any one or more of the following circumstances:
...
(4) When the victim is under the age of thirteen years. Lack of knowledge of the victim's age shall not be a defense.
Defendant contends that the State did not prove that he committed an act of anal, oral or vaginal sexual intercourse with the alleged victims without their consent and that the alleged victims were under the age of 12.
Defendant further argues that there was insufficient evidence to convict him of molestation of a juvenile on H.F. or K.H., as set forth by La. R.S. 14:81.2(A), which states:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
Defendant contends that the only evidence presented at trial to prove that he committed aggravated rape and molestation of a juvenile upon K.H. was the third taped interview at the Gingerbread House and the testimony of Dr. Springer. He argues that Dr. Springer's testimony is unreliable as she did not know the medical history of K.H., and, more particularly, that K.H. had vaginal problems in January 2000, for which a doctor had prescribed cream to be put on the vaginal area every day which, he argues, could have caused the laceration of her hymen. Defendant *654 further remarks that, on K.H.'s third interview (where she describes what happened to her), she, for the first time, described her vagina as her "toot-toot" and that she must have been taught this word by someone since the time of her first interview.
Defendant argues that the only evidence presented at trial to prove the aggravated rape and molestation of a juvenile upon H.F. was H.F.'s testimony. No physical evidence was introduced. He asserts that this created an emotional jury, and the jury erred in finding that the State met its burden of proof beyond a reasonable doubt. Defendant cites State v. Rives, 407 So.2d 1195 (La.1981), and asserts that, in the case sub judice, many inconsistencies and irreconcilable conflicts with the physical evidence leave a reasonable doubt as to whether he committed the offense.
To the contrary, the State first sets out that the evidence reflects that the victims were sisters who had different biological fathers and that they were, at the time of the offenses, approximately four and seven years of age. H.F.'s aunt learned from the minor child that Defendant touched her private parts and this led to his investigation and eventual arrest. Wendy Westerman, who qualified as a forensic interviewer expert and specialized in interviewing children subjected to sexual abuse, interviewed H.F. and K.H. In addition to the victims' testimony, Ms. Westerman utilized drawings to demonstrate the areas of the body that the children alleged Defendant touched and linked these drawings in her testimony.
The State further points out that Dr. Rodriguez explained how 80 percent of the time a child who has been the victim of abuse has a normal exam. Although no physical evidence was found on H.F., she did inform Dr. Rodriguez that Defendant touched her in the wrong place and that is why she was seeing the doctor.
Similarly, Dr. Springer examined K.H. at the LSU-HSC. The exam revealed that she had a healed laceration of her hymen and that an object too big to fit had penetrated that area. The State further acknowledged that K.H. denied that there was penetration by Defendant's penis, but Dr. Springer explained that child abuse victims often blanked such trauma from their minds.
Additionally, Deborah Brown, Ph.D., an expert in counseling with abused children worked with K.H. in the fall of 2002. K.H. told her that Defendant had hurt her very bad in her private area. It was Dr. Brown's opinion that a traumatized child would find it hard to open up and tell everything in a courtroom setting. From this, the State submits there was sufficient evidence to convict Defendant for the charged offenses; and, therefore, his first two assignments of error lack merit. We agree.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, supra; State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
An appellate court does not assess the credibility of witnesses or re-weigh *655 evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422. Where there is conflicting testimony regarding factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
In the case sub judice, several experts with whom the victims interviewed opined that there was ample evidence of sexual abuse upon the minor children. In addition, there was direct testimony from the victims explaining, with specificity, what Defendant did to them. We note that the testimony of the victim alone is sufficient to prove the elements of the offense. State v. Ingram, 29,172 (La. App.2d Cir.1/24/97), 688 So.2d 657, writ denied, 97-0566 (La.9/5/97), 700 So.2d 505; State v. Walters, 26,888 (La.App.2d Cir.5/10/95), 655 So.2d 680. Here, the jury found the evidence compelling and found Defendant guilty on all counts. We further note, per Gilliam, supra, a reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part.
Defendant complains that the inconsistencies and the irreconcilable difference with the physical evidence lend to the merit of the insufficiency of evidence to prove the offenses beyond a reasonable doubt; however, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. See, Allen, supra.
Defendant would have this court second guess the validity of the treating physicians' testimony, but the appellate court does not assess the credibility of witnesses or re-weigh evidence. See, Smith, supra. In light of the evidence presented and the appellate standard of review, the first two assignments of error are, therefore, without merit.

Assignment of Error Number Three (verbatim): The court erred in allowing other crimes evidence against the defendant.
Defendant next argues that the trial court erred in admitting his prior criminal act as evidence in the State's case-in-chief, pursuant to La. C.E. art. 412.2.[1] Defendant contends that the application of this article is discretionary and is not without limitation or restriction because it is subject to the balancing test of La. C.E. art. 403, which states:

*656 Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time.
Accordingly, Defendant argues that the prejudicial effect of admitting his prior criminal act and its lack of relevance to the instant case far outweighed its probative value.
In 1986, when he was 14 years of age, Defendant was convicted of the forcible rape of his younger sister. He asserts that the facts were substantially different from those in the present case; and, therefore, the State should not have used this prior bad act to show a pattern. Defendant argues that, when this prior rape occurred, he was in the midst of puberty and was a "mixed-up" child. From this, he argues that the court erred in not finding the prior bad act had a more prejudicial effect than a probative value.
Defendant further asserts that this erroneous admission of evidence is not harmless error. Defendant cites Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), which stated that the test is "whether there is a reasonable possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not." By extension, Defendant asserts that the introduction of his prior bad act constitutes reversible error.
In response, the State argues that notice was provided pursuant to La. C.E. art. 412.2, supra, to introduce the evidence of Defendant's prior criminal act. It notes that Defendant filed a motion in limine to exclude the evidence. A pre-trial hearing was held on the issue, and the court ruled the evidence was admissible pursuant to Art. 412.2, supra. As such, the trial court found the balancing test favored the admission of the evidence as being more probative than prejudicial. The State asserts that the evidence showed a common mode of action and demonstrated a propensity for sexual acts with a young child where Defendant held a position of authority. The State submits that the elements of the relevant code of evidence articles have been met; and, therefore, this assignment lacks merit. We agree.
Generally, a trial court's ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996); State v. Blackwell, 30,281 (La.App.2d Cir.11/10/97), 701 So.2d 1389, writ denied, 97-3073 (La.2/13/98), 709 So.2d 755. In State v. Olivieri, 03-563 (La.App. 5th Cir.10/28/03), 860 So.2d 207, the court stated:
Under LSA-C.E. Article 412.2, evidence of a prior sexual offense is admissible if relevant and if its probative value outweighs its prejudicial value. Rulings on the admissibility of evidence will not be disturbed, absent an abuse of discretion. (Citations omitted.)
Defendant was convicted of forcibly raping his younger sister. The State gave notice of intent to submit into evidence his prior bad act, as required by Article 412.2(B). The trial court held a pre-trial hearing on the matter after Defendant filed a motion in limine and found the prior bad act to be admissible and relevant. Moreover, Defendant's sister testified to the prior sexual offense, and the record reflects no indication that the jury was confused with the introduction of the evidence. If nothing else, the record is replete with evidence that Defendant has shown a repeated propensity towards sexually *657 predatory behavior. Accordingly, after reviewing the record, we can find no evidence of an abuse of discretion in the trial court's ruling. This assignment is, therefore, without merit.

Assignment of Error Number Four (verbatim): The sentence imposed is excessive for this offender and offense.
In his final assignment of error, Defendant argues that his sentences are grossly disproportionate to the crimes allegedly committed by him and an unnecessary imposition of pain and suffering. To the contrary, the State argues that no evidence was introduced to show why the court should not impose the mandatory sentence. To support its assertion, it cites State v. Stevens, 33,700 (La.App.2d Cir.8/23/00), 766 So.2d 634, which stated that "the defendant bears the burden of showing that a deviation beneath the mandatory minimum is warranted." Accordingly, the State submits that the sentence imposed is not excessive.
A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864. Further, as a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Robinson, 36,147 (La.App.2d Cir.12/11/02), 833 So.2d 1207.
In the case sub judice, the sentence imposed was within the range provided by the sentencing guidelines. The court looked at Defendant's relationship with the minor victims, the victims' ages and the gravity and seriousness of the crime in determining his sentence. After a complete review of the record, we find the sentence is not cruel or unusual, nor does it shock our sense of justice. For these reasons, we find that this assignment is without merit.

Error Patent Review
The record indicates that Defendant was convicted by a unanimous jury of 12 people, rather than 6, as prescribed by law. The Louisiana Constitution, Article 1, Section 17 (1974), which is embodied in La. C. Cr. P. art. 782, states, in part:
A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict. (Emphasis ours.)
Further, the sentencing guidelines for molestation of a juvenile are set forth in La. R.S. 14:81.2(C), which states:
Whoever commits the crime of molestation of a juvenile when the offender has control or supervision over the juvenile shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than one nor more than fifteen years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893. (Emphasis added.)
*658 Accordingly, it may be argued that a 12-person jury composition for the molestation of a juvenile conviction is incorrect and should be considered an error patent under the holding in State v. Nedds, 364 So.2d 588 (La.1978), which held, inter alia:
As both the Constitution and statute require a six-person jury to try a case which is punishable with or without hard labor, trying the defendant with a twelve-person jury was fatal error. We have consistently held that, in cases tried by a jury composed of either more than or less than the correct number of jurors, the verdict is null. (Citations omitted.)
We do not, however, find Defendant's conviction by a 12-person jury to be reversible error in this case. In 1997 the legislature enacted LSA-C.Cr.P. 493.2, which allows a 12-person jury for the charged offenses in the instant case and sets forth, in pertinent part:
[O]ffenses in which punishment is necessarily confinement at hard labor may be charged in the same indictment or information with offenses in which the punishment may be confinement at hard labor, provided that the joined offenses are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Cases so joined shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. (Emphasis ours.)
The supreme court recently took up State v. Jones, 05-0226 (La.2/22/06), 922 So.2d 508, a first circuit court of appeal case that abrogated Nedds, supra, in which the issue was whether or not a criminal trial decided by a unanimous jury composed by a greater number of persons than constitutionally required, violated a defendant's constitutional rights. The supreme court held that it did not. In so ruling, the court stated:
While the Louisiana Constitution and La. C. Cr. P. art. 782 required that a six person jury hear [the defendant's] case, we find that his conviction by a unanimous twelve person jury does not rise to the level of a structural error.
...
We find that [the defendant] has not shown, nor do we find, that he was prejudiced by having his case decided by a unanimous jury of twelve. Twelve persons unanimously convicted [the defendant] of DWI. Furthermore, we find that the empaneling of a jury composed of a greater number of persons than constitutionally required is no longer a non-waivable jurisdictional defect subject to automatic nullity. Hence, we find [defendant's] unanimous verdict by twelve jurors, when the constitution requires a unanimous jury of six person, was harmless error.
Moreover, this court encountered a similar issue in State v. Houston, 925 So.2d 690 (La.App.2d Cir.3/10/06), which was sent to the panel in January 2006. In that case, the incorrect number of jurors for a charged offense was not an assigned error. In Houston, we stated:
La. C. Cr. P. art. 493.2 permits joinder of offenses that require hard labor sentences with those in which a hard labor sentence is optional in a single indictment when the offenses are of the same or similar character or are based on two or more acts constituting part of a common plan or scheme. Cases so joined must be tried by a jury of twelve, ten of whom must concur to render a verdict.
Since each victim in this case suffered at least one act of rape and an additional act *659 of molestation of a juvenile, joinder of these two cases would be proper; and, accordingly, there is no error.

CONCLUSION
For the reasons set forth herein, the convictions and sentences of Defendant, Thomas Lee Humphries, Jr., are affirmed.
AFFIRMED.
NOTES
[1] This article states:

A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.