WILLIAMS, J.
hThe defendant, Frederick Preston, Jr., was charged by bill of information with sexual battery, a violation of LSA-R.S. 14:43.1. Following a jury trial, he was found guilty of the responsive verdict of attempted sexual battery. He was adjudicated a third-felony habitual offender and was sentenced to serve seven years in prison at hard labor, without benefit of probation, parole or suspension of sentence. For the reasons that follow, we affirm the defendant’s conviction, adjudication and sentence. However, we remand this matter to the trial court with instructions to provide the appropriate written notice to the defendant of the sex offender registration requirements.
FACTS
On July 21, 2009, S.W.,[1] a 14-year-old girl, informed her family that as she was napping in her aunt’s bedroom, she was awakened by the defendant, who was her aunt’s boyfriend. She stated that the defendant removed her covers, put his hand underneath her clothes, and touched her buttocks and genitals. S.W. and her mother reported the defendant’s actions to the Mansfield Police Department. Subsequently, the defendant was arrested and charged by bill of information with sexual battery, in violation of LSA-R.S. 14:43.1.
*528 The jury trial began on July 28, 2010. The victim, S.W., testified as follows: on July 21, 2009, she was spending the week at the home of M.P., her aunt, in Mansfield, Louisiana; also present at the aunt’s home that day were S.W.’s cousins, D.H. and P.G., her Aunt K., and the defendant, who |2was the boyfriend of Aunt K.; M.P. left for work, leaving S.W., D.H. and P.G. in the house with Aunt K. and the defendant; at approximately 1:00 p.m., S.W. and D.H. were napping in M.P.’s bedroom; S.W. heard the defendant enter the room; D.H. asked the defendant what he was doing, and the defendant responded that he was looking for a charger; S.W. heard someone leave the room; shortly thereafter, S.W. was awakened again when she heard someone in the room; the defendant removed the covers from S.W.’s body, placed his hands underneath her shorts, touched her buttocks and reached between her legs; she listened as the defendant got on the bed with her and began removing his pants; she turned over and pulled the covers back over herself; the defendant left the room; at that point, she realized that her cousin was no longer in the room. S.W. stated that she identified the defendant by his voice. At the time of the incident, the defendant was 21 years old.
Prior to the trial, on January 14, 2010, the state had filed notice, pursuant to LSA-C.E. art. 412.2, that it intended to introduce evidence of the defendant’s prior convictions. The state argued that the defendant had engaged in similar sexually assaultive behavior and acts, which indicated a lustful disposition toward children. Specifically, the state planned to introduce evidence that on May 19, 2005, the defendant committed unauthorized entry of an inhabited dwelling and, while therein, sexually battered a 13-year-old girl. The defendant pled guilty to both charges and was sentenced to serve four years in prison at hard labor for each charge, |swith the sentences to run concurrently.[2]
The defendant objected to the admission of the “other crimes” evidence, arguing that the evidence of those convictions was irrelevant and more prejudicial than of any probative value. He also asserted that the notice provided was inadequate as to the nature of the evidence the state was seeking to introduce. The trial court overruled the objection, finding that the factual information of the prior acts involved a young girl of a similar age to the present victim and similar conduct by the defendant. The court concluded that those facts were admissible for the limited purpose of proving the defendant’s lustful disposition toward a child, as allowed under LSA-C.E. art. 412.2.
S.M., the victim in the prior conviction, testified. She stated that on May 18, 2005, she was 13 years old and lived next door to the defendant. S.M.’s mother and the defendant were friends. At approximately 3:00 a.m., she was asleep in her bedroom when she felt someone’s hand underneath her clothes, touching her genitals. S.M. stated that she woke up, saw the defendant and began calling for her mother. The defendant fled.
L.M., S.M.’s mother, was also called to testify. The defendant objected to L.M.’s testimony, arguing that S.M. had already established the defendant’s prior offense; therefore, L.M.’s testimony would be overly prejudicial. The trial court overruled the objection and allowed L.M. to testify.
|4L.M. testified that the defendant had been in her house in the early evening *529 hours of May 18, 2005. She stated that the defendant talked to her and her children then left. Later, when everyone was in bed asleep, she was awakened by the sound of S.M. screaming, “Get out of my room” and “Momma, Momma.” As L.M. ran toward her daughter’s room, she saw that the front door of her house was wide open. S.M. told her that the defendant was in the house. L.M. went next door, confronted the defendant and his father, then called the police. The defendant was arrested and charged with sexual battery and unauthorized entry of an inhabited dwelling.
Prior to jury deliberations, the trial court instructed the jury with regard to the purpose and use of the “other crimes” evidence presented. The court stated:
[[Image here]]
Evidence that the defendant is involved in the commission of an offense other than the offense for which he is on trial is to be considered for a limited purpose only. The sole purpose for which the evidence may be considered is whether it tends to show guilty knowledge, absence of mistake or accident, intent, system, motive or identity or a lustful disposition toward children. Remember[,] the accused is on trial only for the offense charged. You may not find him guilty of this offense merely because he may have committed another offense.
[[Image here]]
On July 29, 2010, the jury found the defendant guilty of the responsive verdict of attempted sexual battery. The state filed a multiple offender bill, and on December 15, 2010, the defendant was adjudicated a third-felony habitual offender. He was sentenced to serve seven years in prison at hard labor, without benefit of probation, parole or suspension of | .^sentence. The defendant did not file a motion to reconsider sentence.
He now appeals his conviction and sentence.
DISCUSSION

Evidentiary Rulings

The defendant contends the trial court erred in admitting evidence of his 2005 conviction for unauthorized entry of an inhabited dwelling under LSA-C.E. art. 412.2. He argues that the offense does not prove a lustful disposition toward children; therefore, it should not have been combined with the prior sexual battery for notice and admission under LSA-C.E. art. 412.2.
The defendant also contends evidence of the unauthorized entry of an inhabited dwelling conviction was more properly classified under LSA-C.E. art. 404(B)(1); therefore, the state should have followed the requirements of State v. Prieur, 277 So.2d 126 (La.1973) prior to introducing the evidence.[3] | (Additionally, the defen *530 dant argues that the evidence of the crime of unauthorized entry also fails to meet requirements under LSA-C.E. art. 404(B) because the facts are dissimilar from those in the current case, where there was no unauthorized entry by the defendant. Thus, he asserts that (1) the state failed to show that the evidence was admissible under either LSA-C.E. arts. 412.2 or 404(B)(1), and (2) the evidence was unduly prejudicial and irrelevant to the current charge of sexual battery. Consequently, the trial court erred in allowing evidence of the prior conviction to be presented to the jury.
Generally, a trial court’s ruling on the admissibility of evidence of other crimes will not be overturned absent an abuse of discretion. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996); State v. Humphries, 40,810 (La.App.2d Cir.4/12/06), 927 So.2d 650, writ denied, 2006-1472 (La.12/15/06), 944 So.2d 1284. This same standard is applied to rulings on the admission of other crimes evidence and evidence under LSA-C.E. art. 412.2. State v. Wright, 2011-0141 (La.12/6/11), 79 So.3d 309; State v. Cosey, 97-2020 (La.11/28/00), 779 So.2d 675; State v. Humphries, supra.
Evidence is relevant when it tends to make the existence of any fact material to the disposition of the matter more or less probable than it would |7be without the evidence. LSA-C.E. art. 401. However, even if relevant, such evidence may still be excluded if its probative value is substantially outweighed by the danger that it will cause unfair prejudice, confusion of issues, undue delays, and wasted time, or that it will mislead the jury. LSA-C.E. art. 403.
LSA-C.E. art. 412.2 provides:
A. When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused’s commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.
B. In a case in which the state intends to offer evidence under the provisions of this Article, the prosecution shall, upon request of the accused, provide reasonable notice in advance of trial of the nature of any such evidence it intends to introduce at trial for such purposes.
C. This Article shall not be construed to limit the admission or consideration of evidence under any other rule.
LSA-C.E. art. 404(B)(1) provides:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, *531 provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
| ¡/‘Other crimes” evidence must be related and intertwined with the charged offense in a way that it is necessary for the accurate presentation of the state’s case. State v. Brewington, 601 So.2d 656 (La.1992). It serves to complete the story of the crime on trial by providing its immediate context of happenings near in time and place. Id. The other crimes do not paint the defendant as a bad person because they were done, if at all, as parts of a whole; therefore the trier of fact will attribute all of the criminal conduct to the defendant or none of it. Id.
The general prohibition against the use of other crimes evidence does not bar admission of criminal acts which are an inseparable part of the whole deed. State v. Haarala, 398 So.2d 1093 (La.1981). The state is not required to give notice of its intent to offer evidence of acts integral to either the current offense or other crimes for which the accused was previously convicted. LSA-C.Cr.P. art. 720; State v. Haarala, supra.
The test to determine whether other crimes evidence is an integral act is whether or not the exclusion of the evidence would deprive the state’s case “of narrative momentum and cohesiveness,” as well as bar the state from supporting its conclusions and the trier of fact from drawing any inferences necessary for an honest verdict. State v. Colomb, 98-2813 (La.10/1/99), 747 So.2d 1074. “Res gestae” or integral acts include spontaneous utterances and declarations made before and after commission of a crime, as well as testimony of witnesses and police officers about what they heard or observed, before, during, or after the crime, if a continuous chain of events is evident under the circumstances. Id.
In State v. Archield, 2009-1116 (La.App.3d Cir.4/7/10), 34 So.3d 434, writ denied, 2010-1146 (La.5/20/11), 63 So.3d 972, the defendant was convicted of aggravated rape. Prior to the trial, the state filed notice of its intent to introduce evidence of other victims who had been sexually assaulted by the defendant. The state argued that the evidence was intended “to show defendant’s intent to have sexual intercourse with the victim without her consent.” During the trial, the prior victims testified that the defendant beat them in the head and threatened to kill them in order to gain their compliance when he attempted to sexually assault them. The court of appeal found that evidence of the beatings, in relation to the sexual acts, was admissible under LSA-C.E. art. 412.2, as an integral part of the offenses. The court also noted that the jury was given special instructions on the purpose and use of the evidence presented under LSA-C.E. art. 412.2 and concluded that the probative nature of the evidence outweighed the risk of unfair prejudice to the defendant.
In the instant case, the state introduced evidence that the defendant, charged with sexual battery of a 14-year-old girl, had previously sexually battered a 13-year-old girl. At issue is whether or not the trial court was correct in allowing additional testimony that the defendant committed unauthorized entry into the home of the prior victim.
The testimony regarding the defendant’s prior convictions revealed that the defendant entered L.M.’s home, without authorization, found her 13-year-old daughter *532 asleep, and sexually battered the girl. He fled when the victim awoke and screamed for her mother. In the prior offense, the 110defendant had been inside of the victim’s home as a guest, and returned at approximately 3:00 a.m., broke into her house and gained access to the victim. In the instant matter, the defendant was again a guest in someone’s home. He encountered the sleeping 14-year-old victim and touched her genitals and buttocks. Again, he fled when the victim awoke.
The state proved the defendant’s lustful disposition toward children through the testimony of S.W. and S.M. Both victims were under the age of 15 when they were assaulted by the defendant. In both cases, the defendant befriended the girls’ families and was invited into their homes. He knew both girls and waited until they were alone, asleep and unaware of his advances. Both victims testified that they awoke to find the defendant touching their genitals and that he fled when they awoke.
We find that the evidence of the unauthorized entry into S.M.’s home was admissible under Art. 412.2, as an integral part of the offense of sexual battery. The defendant entered the home, without authorization, to gain access to the victim. The unauthorized entry was a part of the continuous chain of events surrounding the sexual battery of S.M., and the exclusion of this evidence would have deprived the state’s case of narrative momentum and cohesiveness. Therefore, we find that the evidence falls within the scope of LSA-C.E. art. 412.2, and it was relevant under LSA-C.E. art. 401. Additionally, the jury was instructed as to the limited purpose and use of this evidence, thereby reducing any danger of unfair prejudice to the defendant.
Furthermore, even if the admission of evidence of the defendant’s | nprior conviction for unauthorized entry was impermissible under the Code of Evidence, any such error was harmless. The victim’s testimony established that the defendant touched her buttocks and genitals without her permission. The defendant’s prior victim, S.M., also testified the defendant sexually battered her. The defendant’s conviction was attributable beyond reasonable doubt to the testimony regarding the charges of sexual battery, rather than to the testimony regarding the unauthorized entry.
The defendant also contends the trial court erred, in refusing to require the state to meet the notice requirements set forth in State v. Prieur, supra. He argues that the state’s failure to meet the notice requirements entitles him to a new trial.
As stated above, the evidence of the unauthorized entry of an inhabited dwelling was admissible under LSA-C.E. art. 412.2, as an integral part of the prior offense. Article 412.2 requires the state give reasonable notice prior to trial when it intends to offer evidence pursuant to that article. The state filed its notice on January 14, 2010, well in advance of the start of the jury trial, which commenced on July 28, 2010. The notice specifically stated the state’s intent to introduce evidence that the defendant had pled guilty “to the charges of Unauthorized Entry of an Inhabited Dwelling and Sexual Battery on October 31, 2005[.]” No further notice was necessary. This argument is without merit.
The defendant also contends the trial court erred in allowing L.M. to testify regarding the two prior convictions. The defendant argues that L.M.’s testimony was merely cumulative of S.M.’s testimony. The | ^defendant asserts that S.M.’s testimony had already established the factual basis for the two prior convictions, so L.M.’s testimony was unfairly prejudicial, *533 and it had no other purpose than to portray the defendant as a “bad man.”
Our review of the record reveals that L.M. merely corroborated S.M.’s testimony regarding some of the events which occurred on May 18, 2005. L.M. was not an eyewitness to either the sexual battery or the unauthorized entry. However, she testified that the defendant entered her home while she and her children were asleep. She heard her daughter’s screams, and ran toward the girl’s bedroom. On her way to the bedroom, she noticed that the front door to her home was open. After her daughter told her what had happened, she went next door, confronted the defendant and argued with the defendant’s father before calling the authorities. We find that L.M.’s testimony was not overly prejudicial, and the trial court’s decision to allow L.M.’s testimony did not constitute an abuse of the court’s discretion. This assignment lacks merit. Sentence
The defendant also contends the trial court erred in stating that the maximum sentence for his crime of conviction, attempted sexual battery, as a third-felony offender, was 20 years. He argues that the 20-year maximum noted by the trial court was based upon the completed offense of sexual battery, rather than attempted sexual battery. The defendant asserts that this error in sentencing requires remand to the trial court because the sentence was imposed pursuant to an incorrect sentencing range.
When a defendant fails to timely file a motion to reconsider sentence under LSA-C.Cr.P. art. 881.1, the appellate court’s review is limited to the bare claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La.App.2d Cir.9/21/11), 72 So.3d 952. An excessive sentence is reviewed by examining whether the trial court adequately considered the guidelines established in LSA-C.Cr.P. art. 894.1 and whether the sentence is constitutionally excessive. State v. Gardner, 46,688 (La.App.2d Cir.11/2/11), 77 So.3d 1052.
A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance; the trial court must only articulate a factual basis for the sentence. State v. Cunningham, 46,664 (La.App.2d Cir.11/2/11), 77 So.3d 477. Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict needless pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
The trial court has wide discretion in imposing sentence within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710; State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its Indiscretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021.
In State v. Spruell, 403 So.2d 63 (La.1981), the defendant pled guilty to possession of marijuana with intent to distribute and was sentenced to five years in prison. The defendant appealed his sentence, arguing, inter alia, that the trial court failed to utilize the correct penalty provisions during sentencing. The record revealed *534 that the court imposed the sentence, cited the statute pertaining to distribution of Schedule II narcotics, rather than a Schedule I narcotic, such as marijuana. The court mistakenly believed that it was imposing the minimum sentence allowable under the charged statute. However, the correct sentencing range for the charged statute was zero to 10 years. Id. The Louisiana Supreme Court vacated the sentence, stating:
In reality, the cited penal provision, R.S. 40:967(B)(1), deals only with the intended distribution of Schedule II narcotics, see R.S. 40:964, a classification not including marijuana, the distribution of which carries no minimum penalty and a maximum of ten rather than thirty years’ imprisonment. Though the sentence actually imposed fell within the statutorily-prescribed range, the danger that such a mistake of law might have affected the trial court’s attempt at leniency appears significant. For this reason, a sentence founded on an incorrect view of the law should usually be set aside.
The trial court’s mistaken view of the statutorily authorized penalty also resulted in its unknowing imposition of a relatively stiff sentence rather than a minimal one. The imposition of such an apparently severe sentence requires record justification by the trial court, whose responsibility it is to ensure that the sentence has a sufficient informational basis to protect the accused’s right of review on appeal. Such factual justification is especially crucial where, as here, the accused’s guilty plea leaves no other evidence of record which clearly illumines the trial court’s sentencing choice.
115M at 64-65 (internal citations omitted).
In the instant case, as stated above, the defendant was convicted of attempted sexual battery. He was sentenced to serve seven years at hard labor, without benefit of probation, parole or suspension of sentence.
Whoever commits the crime of sexual battery shall be punished by imprisonment, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than 10 years. LSA-R.S. 14:43.1(C). The defendant herein was convicted of attempted sexual battery; therefore, his sentence “shall not exceed ... one-half of the longest term of imprisonment prescribed for the offense so attempted[.]” LSA-R.S. 14:27(D)(3). However, the defendant was adjudicated a third-felony habitual offender pursuant to LSA-R.S. 15:529.1, which provides, in pertinent part:
[[Image here]]
(3) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction[.]
[[Image here]]
The defendant’s crime of conviction, attempted sexual battery, has a sentencing range of zero to five years in prison, without benefit of parole, probation, or suspension of sentence. Because the defendant was adjudicated a third-felony habitual offender, his sentencing exposure increased to approximately 3.33 years to 10 years (two-thirds of the longest Impossible sentence to twice the longest possible sentence).
A sentencing hearing was held on March 1, 2011. The trial court incorrectly stated that the sentencing range for attempted *535 sexual battery was six to 20 years in prison. Although the trial court did not state the correct sentencing range on the record, nothing in this record convinces us that the trial court intended to impose a lenient sentence for this defendant.
The record indicates that the court reviewed the presentence investigation report and found that the defendant was an “undue risk” for a suspended or lesser sentence than the one imposed due to his prior history of the similar type of offense. Furthermore, the court found that the defendant was in need of correctional treatment or a custodial environment by commitment to an institution, and that any lesser sentence than the one imposed would deprecate the seriousness of his crime. The court noted that the jury showed great compassion in finding the defendant guilty of the lesser offense, despite the evidence showing that the offense was completed. The court considered the record and the guidelines of LSA-C.Cr.P. art. 894.1 and sentenced the defendant to serve seven years at hard labor, without benefit of probation, parole, or suspension of sentence.
The actual sentence imposed was within the correct sentencing guidelines, and the trial court articulated its reasons for the sentence imposed. The court found the facts were sufficient to find that the instant offense was completed, not attempted. The court also considered that the defendant had twice committed the same sexual offense on two juveniles. This sentence does not shock the conscience and is not excessive.
| nError Patent
Our review of the record for errors patent revealed that the trial court failed to inform the defendant of the sex offender notification and registration requirements as required under LSA-R.S. 15:548. The defendant’s conviction of attempted sexual battery, a violation of LSA-R.S. 14:43.1 and a “sex offense” under LSA-R.S. 15:541(24), requires that defendant be subjected to the sex offender notification and registration requirements. See, LSA-R.S. 15:542. The trial court is required to notify a defendant convicted of a sex offense in writing, using the form contained in LSA-R.S. 15:543.1, of the registration and notification requirements. See, LSA-R.S. 15:543. The statute further requires that such notice be included on any guilty plea forms and judgment and sentence forms provided to the defendant, and that an entry be made in the court minutes stating that the written notification was provided.
Here, the record does not indicate that the defendant was provided with any judgment and sentence form, or orally informed by the trial court of his registration requirements at his conviction and sentencing. As a result, remand is required for the purpose of providing the appropriate written notice to the defendant of the sex offender registration requirements. See, State v. Drake, 46,232 (La.App.2d Cir.6/22/11), 71 So.3d 452; State v. Scott, 42,997 (La.App.2d Cir.2/13/08), 975 So.2d 782.
CONCLUSION
For the reasons set forth herein, we affirm the defendant’s conviction, adjudication and sentence. We also remand this matter for the sole purpose 118of providing the appropriate written notice to the defendant of the sex offender registration requirements.
CONVICTION AND ADJUDICATION AFFIRMED; SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.

. In accordance with LSA-R.S. 46:1844(W), the victims and members of their families will be referred to by their initials to protect the identities of the victims.

. A February 2005 charge of aggravated rape against the defendant was also listed in the notice. However, the grand jury returned a no true bill on that charge, and evidence of that charge was not presented at the trial on the instant charges.

. In State v. Prieur, supra, the Supreme Court held that the state was required to meet the following requirements in cases in which the state intended to introduce evidence of other crimes:
(1)The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant’s testimony.
(2) In the written statement the State shall specify the exception to the general exclusionary rule upon which it relies for the admissibility of the evidence of other acts or offenses.
(3) Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicting the defendant's bad character *530 or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.
(4) When the evidence is admitted before the jury, the court, if requested by defense counsel, shall charge the jury as to the limited purpose for which the evidence is received and is to be considered.
(5) Moreover, the final charge to the jury shall contain a charge of the limited purpose for which the evidence was received, and the court shall at this time advise the jury that the defendant cannot be convicted for any charge other than the one named in the indictment or one responsive thereto.