403 So.2d 63 (1981)
STATE of Louisiana
v.
Roy L. SPRUELL.
No. 81-KA-0304.
Supreme Court of Louisiana.
September 2, 1981.
*64 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., Dan B. Cornett, Asst. Dist. Atty., for plaintiff-appellee.
Patrick L. Durusau, Jena, Howard N. Nugent, Jr., Ford & Nugent, Alexandria, for defendant-appellant.
PER CURIAM.
On January 3, 1980, defendant Roy L. Spruell was charged by bill of information with possession of marijuana with intent to distribute, in violation of La.R.S. 40:967. The trial court subsequently accepted defendant's plea of guilty and, on December 8, 1980, sentenced him to five years' imprisonment at hard labor. By this appeal, defendant urges that the trial court erred in utilizing the wrong penalty provisions during sentencing and in failing to justify an apparently severe sentence according to the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1.[1] We agree with the defendant and, accordingly, remand this case to the trial court for resentencing.
Before imposing sentence herein, the trial court referred only to defendant's record. It noted that, in addition to a conviction of receiving stolen things in 1976, defendant presently faced additional counts of simple burglary and receiving stolen things, charges which arose while the accused was on bond for the instant offense. Defendant made no effort to deny these allegations and, when offered an opportunity to address the court, had nothing to say. Immediately thereafter, the trial court sentenced the accused to five years at hard labor, a sentence which the trial court felt to be the minimum allowable under R.S. 40:967.
In reality, the cited penal provision, R.S. 40:967(B)(1), deals only with the intended distribution of Schedule II narcotics, see R.S. 40:964, a classification not including marijuana, the distribution of which carries no minimum penalty and a maximum of ten rather than thirty years' imprisonment. Though the sentence actually imposed fell within the statutorily-prescribed range, the danger that such a mistake of law might have affected the trial court's attempt at leniency appears significant. For this reason, a sentence founded on an incorrect view of the law should usually be set aside. See, State v. Battaglia, 377 So.2d 264 (La.1979); ABA Standards of Criminal Justice (2d ed. 1980), § 20-3.2(b) and commentary at p. 20-30.
The trial court's mistaken view of the statutorily authorized penalty also resulted in its unknowing imposition of a relatively stiff sentence rather than a minimal one. The imposition of such an apparently severe *65 sentence requires record justification by the trial court, whose responsibility it is to ensure that the sentence has a sufficient informational basis to protect the accused's right of review on appeal. La.C.Cr.P. Art. 894.1(C); State v. Sepulvado, 359 So.2d 137 (La.1978). Such factual justification is especially crucial where, as here, the accused's guilty plea leaves no other evidence of record which clearly illumines the trial court's sentencing choice. See, State v. Martin, 400 So.2d 1063 (La.1981) (on rehearing).
In the present case, the mere mention of defendant's criminal record was insufficient to satisfy Article 894.1's mandate that the sentence be individualized to both the offense and the offender. State v. Jones, 398 So.2d 1049 (La.1981). While the trial judge need not articulate every aggravating and mitigating circumstance enumerated under Article 894.1, the record must reflect that it adequately considered these guidelines in particularizing the sentence to the accused. State v. Guiden, 399 So.2d 194 (La.1981). Absent such consideration, we lack appropriate criteria by which to measure whether this sentence is excessive under our state constitution. State v. Smith, supra; State v. Dye, 384 So.2d 420 (La.1980); State v. Kenner, 384 So.2d 413 (La.1980).
Accordingly, we affirm defendant's conviction but vacate the sentence imposed and remand the case for resentencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
NOTES
[1] Although defendant did not object at the time of sentencing that the trial court had not complied with Art. 894.1, or that the sentence imposed was excessive, we have held that this failing will not bar later review of either complaint. State v. Smith, 389 So.2d 1262 (La. 1980); State v. Bourgeois, 388 So.2d 359 (La. 1980); State v. Cox, 369 So.2d 118 (La.1979).