CHEHARDY, Judge.
On April 15,1983, Barry Lynn Smith was charged with two counts of violation of R.S. 14:62.2, simple burglary of an inhabited dwelling and structure. He pleaded not guilty. Trial of the matter commenced on July 19, 1983; the following day, the twelve-member jury returned a verdict of guilty as charged on both counts. The trial court ordered a pre-sentence investigation.
On August 31, 1983, the defendant was sentenced to ten years at hard labor on each count, the sentences to run consecutively, with credit for time served. Defendant appeals from these sentences.
The facts are as follows:
Shortly before 5:00 a.m. on March 31, 1983, Mr. and Mrs. Boggan were asleep in the bedroom of their home, located at 535 Victory Drive, Marrerro, Louisiana. The family dog started to bark when a man (later identified as the defendant, Barry Lynn Smith) propped a ladder against the house and crawled into the kitchen window. Mrs. Boggan heard the dog barking; believing it to be because her son was in the kitchen, she dismissed it as unimportant.
Suddenly she looked up and saw a man come around the bedroom door and look down at her. The television set was on; in its light, Mrs. Boggan could see the intruder was not her son, but a black male in a green army jacket and blue jeans.
She screamed to her husband, sleeping beside her, “Oh, my God, James, get your *737 gun.” As Mr. Boggan reached into the dresser drawer, the man ran from the room; in his haste to escape, he passed up some money lying on a table. He fled through the kitchen door.
Smith made his way down the street to 610 Victory Drive, about four houses away. He broke into the utility room, raised the window of the first-floor bathroom, and climbed into the house. Mrs. Mildred Di-Pascal, the resident, was awake and in the process of dressing for work. She had turned on the lights in her bedroom, the second-floor bathroom and the hallway. Hearing a noise downstairs, she turned on the stairwell light. She went into the bedroom to get her robe; as she entered the hallway, she found herself face-to-face with a man wearing an army jacket and jeans.
The intruder signalled Mrs. DiPascal not to scream and grabbed her by the shoulders. As they struggled in the hall, she was pushed into the wall; defendant attempted to drag her into the bedroom. She kept trying to free herself, to alert her son sleeping in the next room. Smith grabbed her leg and she screamed. Keith DiPascal opened his door. Surprised, Smith released Mrs. DiPascal, ran down the stairs and left the house. Nothing was taken, but his slippers were found at the foot of the staircase.
Keith ran out of the house and a neighbor directed him as to Smith’s escape route. Following Smith, Keith saw him peering under a house a few blocks away. The police were alerted and several units cruised the area, looking for the perpetrator.
Smith subsequently was apprehended crawling from under a house in the immediate vicinity. He was taken to the DiPascal and Boggan homes, and both women immediately identified him as the intruder.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendant alleges the trial court committed reversible error in denying defense counsel’s motion to reduce the bond and that it was reversible error for the trier of fact to find the defendant guilty as charged.
Smith submitted these assignments of error to the trial court and they are in the record. However, he fails to discuss these assignments of error in his appellate brief. All specifications or assignments of error made to the courts of appeal must be briefed; the court may consider as abandoned any specification or assignment of error which has not been briefed. Uniform Rules—Courts of Appeal, Rule 2-12.4; State v. Becnel, 441 So.2d 339 (La.App. 5th Cir.1983); State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983).
Accordingly, we consider these assignments of error to have been waived.
ASSIGNMENT OF ERROR NO. 3
Defendant alleges the trial court committed reversible error in sentencing the defendant to a term of ten years on both counts, to run consecutively, for a total of twenty years.
This error was not designated in the assignments of error presented to the trial court; it was raised only in Smith’s brief to this court.
LSA-C.Cr.P. art. 844 provides,
“The party appealing shall designate, in writing, those errors which are to be urged on appeal. This assignment of errors shall be filed within the time specified by the trial judge, but not later than five days prior to the return date. A copy of the assignment of errors shall be furnished to the trial judge by the appealing party on the date such errors are filed.
“The trial judge may submit such per curiam comments as he desires.”
In addition, LSA-C.Cr.P. art. 920 states,
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and pro *738 ceedings and without inspection of the evidence.”
Because defendant did not submit the issue of excessiveness of his sentence by formal assignment of error, the matter is not properly before this court for review. State v. Sonnier, 441 So.2d 359 (La.App. 5th Cir.1983).
In State v. Cox, 369 So.2d 118, 121 (La.1979), our Supreme Court stated,
“With the exception of death penalty cases (which this court must independently review in each instance for exces-siveness, La.C.Cr.P. art. 905.9), individual excessiveness of sentence may be considered on appeal only where presented by assignment of error, La.C.Cr.P. art. 920(1), formally made as required by La.C.Cr.P. art. 844.”
Therefore, pursuant to article 920, the ex-cessiveness issue need be considered only if it falls into the category of “error patent.” State v. Sonnier, supra.
Our review of the record and the proceedings indicates no patent error on the face of the record, the trial judge having enunciated properly his reasons for the sentence imposed.
For the foregoing reasons, the judgment rendered and sentence imposed by the district court are affirmed.
AFFIRMED.