CHEHARDY, Judge.
On February 25, 1983, Norman M. Blanchard was charged with violation of LSA-R.S. 40:967, distribution of phenme-trazine, a controlled dangerous substance. He was arraigned and pleaded not guilty. Defendant filed pretrial motions to suppress the evidence and to require the State to disclose and verify the identity of the confidential informant. These motions were denied.
On June 27,1983 the defendant withdrew his plea of not guilty and entered a plea of guilty as charged. He waived all legal delays and was sentenced on that date to a term of five years at hard labor, with credit for time served. He reserved his right to appeal the ruling on his motion to disclose the confidential informant. From this conviction and sentence defendant now appeals.
The facts are as follows:
On the afternoon of February 10, 1983, Narcotics Agent Stephen Lachute of the Jefferson Parish Sheriff’s Office met with defendant, Norman M. Blanchard. La-chute arranged to buy 200 Preludin tablets from defendant, who advised Lachute he needed to contact several of his suppliers to fill the order. At about 7:30 p.m. that night, Blanchard called a blind telephone number at the Narcotics Office. Believing the agent who answered the telephone to be Lachute, Blanchard advised him he had obtained the drugs and that Lachute should meet him at a convenience store at the foot of the Huey P. Long Bridge in about half-an-hour.
When Lachute was informed of the call, he went to the rendezvous and pulled in the parking lot. Blanchard got into Lachute’s automobile, Lachute showed him his money, and Blanchard handed Lachute a large prescription bottle containing 100 Preludin tablets. Blanchard advised him the rest of the tablets were at his girl friend’s house.
Lachute gave a signal to his partners, who then moved in and placed the defendant under arrest.
ASSIGNMENT OF ERROR NO. 1
Defendant alleges the trial court committed reversible error in failing to grant defendant’s motion to suppress evidence.
In Blanchard’s formal assignment of error presented to the trial court, this was the only error included. However, it is not discussed in the brief before this court. Because the assignment filed in the record was not briefed, we consider it to have been abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4; State v. Smith, 450 So.2d 735, rendered this date; State v. Dirden, 430 So.2d 798 (La.App. 5th Cir.1983).
ASSIGNMENT OF ERROR NO. 2
Blanchard alleges the trial court committed reversible error in failing to delineate its reasoning in imposing sentence, which sentence was nonetheless excessive.
*740 The main thrust of defendant’s brief on this issue is that the trial court failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1 in that it gave no reasons for the sentence imposed. Because the five years given is exactly half the maximum sentence applicable to the crime, Blanchard suggests the sentence is excessive, especially in view of the facts that he pleaded guilty and the crime was non-violent.
Defendant points out that during his Boykinization prior to sentencing, the trial judge stated that the maximum sentence he could impose in this case would be thirty years at hard labor. He suggests this indicates the judge was referring to the sentencing provision in R.S. 40:967(B)(1), which applies to Schedule II narcotic drugs; it allows a maximum of thirty years and a minimum of five years imprisonment at hard labor. Because phenmetrazine is a stimulant rather than a narcotic, the proper sentencing provision is R.S. 40:967(B)(3), which covers non-narcotic, non-pentazocine Schedule II drugs. Section 967(B)(3) provides a maximum of ten years, but no minimum.
In State v. Spruell, 403 So.2d 63 (La.1981), the Supreme Court held that defendant’s sentence of five years at hard labor was to be vacated due to the trial court’s mistaken view of the statutorily-authorized penalty, resulting in its unknowing imposition of a relatively stiff sentence rather than a minimal one, and because the trial court's mere mention of defendant’s criminal record was insufficient to satisfy the statutory mandate of LSA-C.Cr.P. art. 894.1.
We find the Spruell case distinguishable, however. In Spruell, the defendant apparently pleaded guilty without a definite understanding as to the sentence that would be imposed. Further, the trial court clearly indicated it was imposing what it felt was the minimum sentence allowable under R.S. 40:967. The Supreme Court stated, “Though the sentence actually imposed fell within the statutorily-prescribed range, the danger that such a mistake of law might have affected the trial court’s attempt at leniency appears significant.” 403 So.2d at 64.
Here, the plea bargain was predicated on the imposition of a five-year sentence. Further, at the time the crime was committed, Blanchard was on parole from an unspecified conviction. Part of the plea-bargain agreement was that the district attorney would not multiple-bill defendant under the Habitual Offender Law, LSA-R.S. 15:529.1. The trial court’s reference to thirty years could have been intended to encompass the sentence applicable under the Habitual Offender Law. In addition, defendant had distributed a substantial amount of phenmetrazine, 100 tablets. The trial court gave no indication it intended to be lenient.
In State v. Bell, 412 So.2d 1335 (La.1982), the court held that where a specific sentence has been agreed to as a consequence of a plea bargain, such sentence cannot be appealed as excessive and there is no need for a trial judge to give reasons for the sentence. See also, State v. Curry, 400 So.2d 614 (La.1981).
In the instant case, Blanchard was aware of the sentence to be imposed when he agreed to the plea bargain; the sentence appears in the formal document acknowledging and waiving his constitutional rights upon entering his guilty plea. We conclude there was no need for the trial court to give reasons for the sentence, nor was it excessive under the circumstances.
ASSIGNMENT OF ERROR NO. 3
Defendant alleges the trial judge erred in denying defendant’s motion for disclosure of the confidential informant’s identity, which right was reserved under State v. Crosby, 338 So.2d 584 (La.1976). (This was listed in defendant’s brief as Assignment of Error No. 1, defendant having failed to brief his original Assignment of Error No. 1.)
During the sentencing colloquy, the trial court reviewed the plea-bargain agreement with Blanchard and noted that Blanchard *741 wished to preserve his right to appeal the adverse ruling on his motion to disclose the identity of the confidential informant. On the other hand, this assignment of error appears only in defendant’s brief before this court, and was not in his original assignment of error submitted to the trial court.
In State v. Crosby, supra, the Supreme Court held it was not barred from reviewing assignments of error that are specifically reserved at the time of guilty pleas conditioned on the accused’s right to seek review of such assignments of error. Unless both assigned and argued, however, the alleged errors are deemed waived, under usual principles of appellate review.
As this assignment of error was not properly presented for review by formal assignment of error before the trial court, the issue need not be considered by this court. State v. Crosby, supra; State v. Smith, supra; State v. Sonnier, 441 So.2d 359 (La.App. 5th Cir.1983).
For the foregoing reasons, the judgment rendered and the sentence imposed by the district court are affirmed.
AFFIRMED.