KLIEBERT, Judge.
Defendant, David Barróse, was charged by bill of information with the July 17,1981 armed robbery of Janet Bain, in violation of La.R.S. 14:64. Prior to trial, the defendant withdrew his plea of not guilty to armed robbery and entered a plea of guilty to the lesser included offense of attempted armed *36 robbery, in violation of La.R.S. 14:27 and 14:64. After a pre-sentence investigation report was prepared and received, the trial court sentenced the defendant to twenty-five (25) years imprisonment at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served, to run consecutively with the defendant’s sentence for parole revocation. Defendant now appeals urging only one assignment of error.
The facts which led to the charges against the defendant are as follows: On July 17, 1981, defendant and Dwayne Hupp entered the Fin and Feather Lounge at 5140 Fourth Street in Marrero, Louisiana. After using the restroom, Dwayne Hupp pulled a gun and demanded that the barmaid, Janet Bain, face the wall. He then handed the gun to the defendant who held it while Dwayne Hupp took the money from the cash register. According to the victim, Janet Bain, the subjects also took a wallet from one of the customers. The subjects then fled the bar in a car.
The defendant contends that the trial court Committed reversible error when it misconstrued the possible sentence for attempted armed robbery as ranging from two and one-half years to forty-nine years.
The conviction for the crime of armed robbery provides for a sentence of not less than five years and not more than ninety-nine years, at hard labor, without benefit of parole, probation or suspension of sentence. LSA-R.S. 14:64.
R.S. 14:27(D)(3) provides that a person convicted of an attempt (in all cases except an offense punishable by death or life imprisonment or an offense of attempted theft or receiving stolen things) shall be fined or imprisoned or both, in the same manner as for the offense attempted, however, such fine or imprisonment shall not exceed one-half of the largest fine or one-half of the longest term of imprisonment prescribed for the offense so attempted. Since R.S. 14:27 provides for a rendition of only the maximum sentence and is silent as to the minimum, the question arises as to whether the minimum sentence for an attempted armed robbery is zero, two and one-half, or five years.
During the boykinization of the defendant, the trial court stated that the maximum sentence that the court could impose was from two and one-half years to forty-nine years, without parole, probation or suspension of sentence.
At the sentencing phase, the trial judge sentenced defendant to twenty-five (25) years at hard labor, without parole, probation or suspension of sentence.
The only issue on appeal for this court’s review is whether, in sentencing the defendant, the trial court erred when he stated that the sentencing range for the crime charged was from two and one-half to forty-nine years and whether such error requires a remand for resentencing in consideration of the correct sentencing range.
State v. Jaye, 383 So.2d 1261 (La.1980) involved a case where the trial judge sentenced the defendant to two and one-half years for attempted armed robbery. In imposing that sentence, the trial court incorrectly considered the minimum sentence to be two and one-half years. In reviewing the sentence, our Supreme Court stated: “Writ granted and sentence set aside. Remanded for resentencing, trial judge to consider correct sentence range. There is no minimum sentence.” See also State v. Porter, 445 So.2d 455 (La.1984); State v. Spruell, 403 So.2d 63 (La.1981). Hence, it was error when the trial judge said the minimum sentence was two and one-half years. Left for consideration, however, is the question of whether the error requires setting the sentence aside and remanding the case for resentencing.
In State v. Spruell, supra, the Louisiana Supreme Court reiterated the general rule that “[a] sentence founded upon an incorrect view of the law should usually be set aside.”
In Jaye, supra, the trial court intended to impose the minimum sentence for attempted armed robbery. In Spruell, supra, the trial court imposed what it erroneously considered to be the mandatory minimum sen *37 tence. The holding of Jaye, supra and Spruell, supra, does not control in this case. Since in those cases the trial court’s mistaken view of the statutorily authorized sentencing range resulted in an unknowing imposition of a stiffer sentence rather than the minimal one which was intended. However, in this case the sentence of twenty-five (25) years given to defendant Barróse shows that the trial judge had no intention of imposing the minimum allowable sentence for attempted armed robbery. We therefore conclude that it is not necessary to remand for resentencing since it is obvious from the sentence imposed that the minimum sentence was not a factor in the trial court’s imposition of the sentence and we therefore affirm the conviction and sentence.
AFFIRMED.