WILLIAMS, Judge.
Defendant Willie Jones appeals his sentencing after being convicted of simple burglary in violation of La.R.S. 14:62.
On August 10, 1977, defendant was found guilty of simple burglary. He pleaded guilty to being a multiple offender and was sentenced to eighteen years at hard labor. Defendant filed a motion for an out-of-time appeal which was granted. The defense bases its appeal on the trial court’s allegation that it was unaware that defendant was entitled to good time credit under La. R.S. 15:571.3.
La.R.S. 15:571.3 provides for “good time,” i.e., dimunition of time to be served by virtue of good behavior. The statute was amended in 1975 and in 1977. The application of the statute in its various forms was set forth in State ex rel Bick-man v. Dees, 367 So.2d 283, 287 (La.1978):
(1) any person convicted of a felony committed on or prior to September 15,1975, is eligible for diminution of sentence for good behavior regardless of the nature of his offense(s) and whether or not he has been adjudged a habitual offender; (2) any person who has committed a felony between September 16, 1975 and September 9, 1977 inclusive, has been convicted one or more times of one of the offenses enumerated in La.R.S. 15:571.-3(C), and is sentenced as a habitual offender, is eligible for good time unless specifically denied such eligibility upon order of the sentencing court; and (3) any person who has committed a felony on September 10, 1977 or thereafter, has been convicted one or more times of one of the offenses enumerated in La.R.S. 15:571.3(C), and is sentenced as a habitual offender is automatically denied eligibility for diminution of sentence for good behavior.
It is, therefore, the date of commission of the offense that controls. The Louisiana Supreme Court also held that in cases involving convictions between September 16, 1975 and September 9, 1977 the trial court has discretion in determining whether a defendant is to be granted good time, and also that the reasons therefore be stated.
Defendant in this case committed simple burglary on April 5, 1977. He was, therefore, entitled to good time if the trial court made such a determination. See also State v. Curtis, 363 So.2d 1375 (La.1978).
The defense argues that the trial court was not aware of his discretion in awarding defendant good time and for this reason the case should be remanded for sentencing.
The transcript of the sentencing hearing reveals a discussion between counsel and the judge as to La.R.S. 15:571.3(C). Initially, the trial court stated that deprivation of good time was “automatic” [applying the incorrect law] but that defendant still could be deprived under the “old law” [the correct law]. At that time, a bench conference was held. The trial judge then stated:
“This sentence is imposed under R.S. 15:571.3 Paragraph “C”, which deprives the defendant of good time. I seen no indication of any desire on his part to rehabilitate.” (Tr. at 4)
After the bench conference, the trial court clearly stated its reason for depriving defendant of good time, which it obviously was not required to do if deprivation of good time was “automatic”. By stating his reasons, the trial judge showed that he was aware of his discretion and saw fit not to allow defendant good time. For this reason, defendant’s argument is without merit.
Defendant also filed a pro se brief in which he argues that his sentence should be vacated because the state withdrew its first multiple bill intentionally so as to file again subsequent to the effective date of the 1977 amendment to La.R.S. 15:571.3. As discussed above, the date of the commission of the crime is determinative, and *17 the date of the filing of the multiple bill is irrelevant.
We also note that defendant was not directly informed of his Boykin rights at the multiple offender hearing. The Louisiana Supreme Court has held, however, that a defendant is not entitled to rely upon the same formalities in a multiple offender proceeding as a trial to determine guilt or innocence. State v. Martin, 427 So.2d 1182 (La.1983). The Louisiana Supreme Court held that it is sufficient to show that the trial court advised a defendant as to his rights to a formal hearing and to have the state prove its case. State v. Johnson, 432 So.2d 815 (La.1983). Martin, supra. Because this was done below, defendant’s guilty plea is valid.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.
SCHOTT, J., dissents in part.