# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 24-443


**STATE OF LOUISIANA**

**VERSUS**

**RANDLE JAMES BATISTE**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12220-23
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## CANDYCE G. PERRET
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Van H. Kyzar, Candyce G. Perret, and Gary J. Ortego, Judges.


**VACATED AND REMANDED FOR RESENTENCING.**

**Stephen C. Dwight**
**District Attorney**
**David S. Pipes**
**Assistant District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**600 Jefferson Street, #903**
**Lafayette, LA   70501**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Randle James Batiste**

**Randle James Batiste**
**Allen Correctional Center**
**3751 Lauderdale Woodyard Road**
**Kinder, LA  70648**
**DEFENDANT/APPELLANT**

**PERRET, Judge.**

Defendant, Randle James Batiste, pled guilty to aggravated flight from an officer and was subsequently adjudicated a fourth felony habitual offender. As such, he was sentenced to serve fifty years at hard labor with credit for time served. Defendant appeals his fourth habitual offender sentence as excessive. After reviewing the record, we conclude that the trial court was acting under a mistaken belief of law regarding Defendant's diminution of sentence eligibility, and that belief may have influenced the sentence. Thus, we vacate Defendant's sentence and remand for resentencing

**FACTUAL AND PROCEDURAL BACKGROUND:**

The State provided the following information about Defendant's offense during its statement of the facts at Defendant's guilty plea proceeding. On or about August 24, 2023, after noticing a burned-out brake light on Defendant's car, Corporal Mason Simien engaged his lights and attempted to stop Defendant. Defendant ran a stop sign, and Corporal Simien activated his sirens. A pursuit ensued. Defendant rolled through another stop sign, veered off the roadway, and struck a no-parking sign. He then continued at excessive speeds and ran four more stop signs, at times traveling on the wrong side of the road. Defendant proceeded onto the interstate, then, after subsequently exiting the interstate, veered off the road and did a "full 360" in the grass, attempting to evade Corporal Simien. Defendant continued at excessive speeds in a twenty-five mile per hour zone, including through a residential neighborhood, and ran additional stop signs and a red light before he crashed his car. Shortly thereafter, he was apprehended by Corporal Simien. A few hours later, Defendant acknowledged the event on a jail phone call.

Defendant was charged by bill of information with aggravated flight from an officer, in violation of La.R.S. 14:108.1(C). On March 13, 2024, Defendant entered an open-ended guilty plea to the charged offense, and on March 21, 2024, the State filed a habitual offender bill seeking an enhanced sentence as a fourth or subsequent habitual offender. Defendant was adjudicated a fourth or subsequent felony habitual offender and was sentenced to serve fifty years at hard labor with credit for time served. Defense counsel filed a motion to reconsider sentence that the trial court denied. Defendant is before this court appealing his habitual offender sentence as excessive.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent that need recognition. There is one issue, however, that we believe merits a discussion.

The trial court sentenced Defendant as a fourth or subsequent offender on his conviction of aggravated flight from an officer. Defendant was sentenced within the statutory range for a fourth habitual offender under subsection (a) of La.R.S. 15:529.1(A)(4). However, a recent second circuit case and a first circuit case in 2023 suggest that La.R.S. 15:529.1(A)(4)(b) is the applicable sentencing statute. Because an illegal sentence is an error patent, we will discuss the second circuit's recent opinion.

As a fourth habitual offender, Defendant was subject to the following penalty provisions:

> (4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:

2

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.

(b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

(c) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in R.S. 15:541 when the victim is under the age of eighteen at the time of commission of the offense, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

La.R.S. 15:529.1(A)(4).

Defendant's current felony is a crime of violence. La.R.S. 14:2(B)(39). However, his predicate offenses are not, and none are sex offenses. Therefore, it is this court's opinion that La.R.S. 15:529.1(A)(4)(a) was the applicable penalty statute in this case, and the fifty-year sentence imposed by the trial court is within the statutory sentencing range provided therein of twenty years to natural life.

However, it is worth noting that the second circuit recently applied La.R.S. 15:529.1(A)(4)(b), in a factually similar situation. Subsection (b) carries a sentence of twenty years or twice the longest possible sentence prescribed for a first conviction, if more than twenty years.[1] In *State v. Riggs*, 55,736, (La.App. 2 Cir. 10/2/24) (unpublished opinion) (2024 WL 4364603), *superseded by rehearing*, 55,736, (La.App. 2 Cir. 2/12/25), __ So.3d __, (2025 WL 473583), the second circuit

---

[1] The maximum sentence for Defendant's predicate sentence is five years. La.R.S. 14:108.1(C). Thus, if subsection (b) were applicable to Defendant's sentence, the maximum sentence he could receive under this statute is twenty years. His current sentence being fifty years would be an illegally imposed sentence in that scenario.

interpreted the language from subsection (b)—"If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541"—to apply when the fourth felony is a crime of violence/sex offense and no prior felony is defined as a crime of violence/sex offense.

Riggs was convicted of aggravated flight from an officer, adjudicated a fourth felony offender, and sentenced to life imprisonment. Riggs' predicate convictions were not crimes of violence or sex offenses. The second circuit concluded that both subsections (a) and (b) applied to Riggs, thus, principles of lenity required resolution in favor of the defendant and application of the lesser sentencing range was required. Specifically, the court stated:

> The instant offense, aggravated flight from an officer (La. R.S. 14:108.1), is a "crime of violence." La. R.S. 14:2(B)(39). None of the predicate offenses are crimes of violence or sex offenses. Therefore, subparagraph (b), by its terms, applies and dictates a sentence of twenty years while, *simultaneously*, subparagraph (a) applies and dictates a sentencing range of a minimum of 20 years to a maximum of the remainder of the defendant's natural life.
>
> In *State v. Newton*, 42,743 [p. 8] (La. App. 2 Cir. 12/19/07), 973 So. 2d 916, 921, [n.3,] *writ denied,* 08-1147 (La. 1/16/09), 998 So. 2d 90, this court stated:
>
>> In the absence of express legislative intent, principles of lenity require that any ambiguity in a sentencing statute be resolved in favor of the defendant. *State v. Burns,* 29,632 (La. App. 2d Cir. 9/24/97), 699 So. 2d 1179. The rule of lenity applies not only to interpretations of the substantive ambit of criminal laws, but also to the penalties imposed by those laws. When a criminal statute provides inconsistent penalties, the rule of lenity directs the court to impose the least severe penalty. *State v. Campbell,* 2003-3035 (La. 7/6/04), 877 So. 2d 112.
>
> It strikes the court as quite odd that the legislature would (under subparagraph (b)) be more lenient toward a defendant whose instant offense is a crime of violence—i.e., more lenient than toward defendants with no crimes of violence (subparagraph (a)). However, we find no "express legislative intent" that resolves the inconsistency. To render subparagraph (b) inapplicable in this case, it would be

4

necessary for us to, in effect, rewrite that provision of the legislation; moreover, if we did so, Riggs' sentencing exposure would be severely *increased*. Such is not the province of the judiciary, with or without supposed "express legislative intent." Therefore, Riggs' sentence of life imprisonment is *illegal*, regardless of whether it is constitutionally prohibited as "cruel or unusual."

*Riggs*, 55,736, pp. 3–4. One judge dissented, stating:

> I respectfully dissent. Initially, I do not agree La. R.S. 15:529.1 (A)(4)(b) applies to this case. Contrary to the majority's reading, this subsection *applies only if neither the crime of conviction nor any of the prior felonies is defined as a crime of violence*. *See*, *e.g.*, *State v. Brown*, 19-695 (La. App. 3 Cir. 5/6/20), 297 So. 3d 947, *writ denied*, 20-00713 (La. 9/29/20), 301 So. 3d 1194.[2] Obviously, Riggs's crime of conviction, aggravated flight from an officer, is defined as a crime of violence. La. R.S. 14:2 (B)(39). I am unaware of any reported case supporting the majority's view that the statute is ambiguous and subsection 529.1 (A)(4)(b) somehow applies. Consequently, I believe the trial court was correct in applying R.S. 15:529.1 (A)(4)(a) and determining Riggs's sentencing range was 20 years to life.

*Id*. at p. 3 (Ellender, J., dissenting) (emphasis added).

On rehearing with a five-judge panel, the opinion again states the same language regarding the application of subsection (b). *State v. Riggs*, 55,736, (La.App. 2 Cir. 2/12/25), __ So.3d __, (2025 WL 473583). However, on rehearing, two dissenting judge and one concurring judge ultimately determined that subsection (a) applied to the defendant's case rather than subsection (b). Thus, while the ultimate outcome was a finding that defendant should be resentenced, a majority of the five-

---

[2] We note that *Brown*, 297 So.3d 947, is distinguishable from the current case and, in our opinion, *State v. Riggs*. The defendant was convicted of aggravated battery with a felony history of aggravated burglary, attempted forcible rape, and simple robbery, as well as unauthorized entry of an inhabited dwelling and failure to notify law enforcement of change of address. Louisiana Revised Statutes 15:529.1(A)(4)(b) was enacted by 2017 La. Acts No. 282, effective November 1, 2017. Although Brown's conviction became final after November 1, 2017, his habitual offender bill was filed after the effective date of the 2018 amendment (August 1, 2018), which reinstated the rule that the applicable penalty provision is the penalty provision in effect at the time the offense was committed. Thus, the habitual offender penalty provision that applied in *Brown* was the penalty provision in effect when the offense was committed, which was committed in 2016. *See State v. Lyles*, 19-203, p. 5 (La. 10/22/19), 286 So.3d 407, 410. Since Brown committed his offense before subsection (b) became effective, *Brown* is distinguishable from *Riggs* and the present case.

5

judge panel determined that subsection (a) applied. Specifically, Judge Stephens, added on rehearing, despite concurring with the majority's outcome finding the defendant's sentence unconstitutionally excessive, specified: "I agree with Judges Ellender and Thompson that the trial court correctly applied La.R.S. 15:529.1(A)(4)(a) in determining the sentencing range applicable to this case[.]" *Id.* at p. 3 (Stephens, J., concurring).

However, the first circuit in *State v. Tyrney*, 22-949 (La.App. 1 Cir. 3/16/23), 363 So.3d 550, *writ denied*, 23-552 (La. 11/21/23), 373 So.3d 460, similarly applied subsection (b), though no discussion of subsection (a) was provided. The defendant in *Tyrney* was convicted of aggravated flight from an officer, a crime of violence, and sentenced as a fourth habitual offender, but his predicate offenses were not crimes of violence. He was given the mandatory sentence of twenty years. On appeal, he argued he was entitled to a downward departure from the mandatory sentence. The opinion clearly sets forth that the applicable sentencing statute was La.R.S. 15:529.1(A)(4)(b).

In our application of subsection (a), we also considered the legislative history of the statute as well as the Louisiana Department of Corrections' (DOC) August 1, 2017 "Louisiana's Justice Reinvestment Reforms Practitioners' Guide" (Guide).

Subsection (b) was added to La.R.S. 15:529.1 by 2017 La. Acts No. 257, §1 and 2017 La. Acts No. 282, § 1. A discussion of Senate Bill 221 (the bill that prompted Act No. 282) that took place in the Senate Chamber on May 16, 2017, included an explanation by Senator Martiny that, for a fourth conviction, "if all the convictions are non-violent," the sentence is reduced from life to twice the maximum penalty for the crime. Since subsection (b) is the only subsection that uses the language "twice the longest possible sentence," we interpret Senator Martiny's

6

statement to mean that subsection (b) applies only if all of the convictions—current and predicates—are non-violent. Since Defendant's current conviction is a crime of violence, subsection (b) would not be applicable according to Senator Martiny.

Additionally, we consulted the Louisiana Department of Corrections' (DOC) August 1, 2017 "Louisiana's Justice Reinvestment Reforms Practitioners' Guide" (Guide). Louisiana Department of Corrections, Louisiana's Justice Reinvestment Reforms Practitioners' Guide (8/1/17), https://doc.louisiana.gov/wp-content/uploads/2019/08/la_practitioners.guide_justice.reinvestment.reforms_final_2017-8-1.pdf. The Guide explains that Senate Bill 221 "eliminates the possibility of receiving life sentences under the habitual offender statute when *all the convictions are nonviolent*." *Id.* at p. 19 (emphasis added). The Guide further explains that subsection (b) applies when the current and previous felonies are *all* nonviolent/non-sex offenses. *Id.* Under this explanation, subsection (b) is not applicable in the present case.

After considering the jurisprudence, legislative history of the statute, and the Louisiana Department of Corrections' (DOC) August 1, 2017 "Louisiana's Justice Reinvestment Reforms Practitioners' Guide" (Guide), we find that subsection (b) does not apply to Defendant. Subsection (a) was properly applied in this case, making the fifty-year sentence a legal sentence. Accordingly, this court declines to follow *Riggs* and *Tyrney* and, instead, finds that no error patent occurred in this case.

**ASSIGNMENT OF ERROR:**

On appeal, Defendant contends his fifty-year habitual offender sentence is excessive and nothing more than an imposition of needless pain and suffering. He emphasizes that he has no prior crimes of violence (only drug-related offenses) and contends that his sentence was essentially a life sentence for an enhanced traffic

offense which alone carried a maximum five-year sentence. Defendant admits he failed to stop during the police pursuit but claims he was intoxicated at the time. He further notes that he obtained no benefit from entering his guilty plea, and he received a sentence that will deprive his young children of a relationship with him. Defendant also claims that the trial court was under the mistaken belief that he would be entitled to diminution of sentence, which Defendant correctly states is unavailable to him pursuant to La.R.S. 15:571.3.[3] In conclusion, Defendant asks this court to vacate his sentence and remand the case for resentencing.

In opposition, the State refers to Defendant's prior offenses: a 2013 conviction of possession of between 200 and 400 grams of codeine, a 2014 conviction for distribution of cocaine, and a 2020 conviction for distribution of methamphetamine. Due to the vast discretion granted the trial court in sentencing, combined with the trial court's consideration of mitigating factors and letters submitted in support of Defendant, the State contends this court should find the sentence neither statutorily nor constitutionally excessive.

After the trial court sentenced Defendant to fifty years at hard labor, his counsel objected to the sentence and informed the court of his intent to appeal. Proceedings on the pending charges the trial court previously mentioned were passed without date by the State.[4] Defense counsel filed a motion to reconsider sentence

---

[3] Good time credits are determined by the law in effect at the time of the commission of the offense. *See Massey v. Louisiana Dep't of Pub. Safety & Corr.*, 13-2789 (La. 10/15/14), 149 So.3d 780, 783–86; *State v. Jones*, 497 So.2d 15 (La.App. 4 Cir. 1986), *writ denied*, 503 So.2d 489 (La.1987). Louisiana Revised Statutes 15:571.3(C) in effect at the time of the commission of the offense denied diminution of sentence to those sentenced under the habitual offender law. Additionally, because this is a crime of violence under La.R.S. 14:2(B), Defendant is also not eligible under La.R.S. 15:571.3(E).

[4] When Defendant asked if the other charges could be handled that day, the court explained:

No, they're not going forward. If they did, they would bring you over and you would have something. But they didn't dismiss them which says that they are

8

asserting the sentence was excessive considering his age, his lack of prior violent felony convictions, and the fact that he had a family relying on him for support. The trial court denied the motion.

While sentencing Defendant, the trial court made several comments indicating it incorrectly believed that the diminution of sentence for good behavior was available to Defendant (emphasis added):

> It is noted that pursuant to the provisions, I don't - - the subject is probably subject to diminution for good behavior but the evaluation of an aggravated crime is at 75 percent, I would assume, based on his offender status, but defer to Department of Corrections. **But he does get some diminution for good behavior with regard to that matter.**
>
> . . . .
>
> It would appear that he would probably be released in approximately 40 years or around his 80th birthday based on current computations, but the Court is just making generalizations at this time. It's up to DOC if they determine at some point he's going to be eligible for any parole eligibility and the Court would defer to them.
>
> . . . .
>
> If they feel that he's appropriate for work release, the Court has no objection. But it is noted that this crime of violence would be a hindrance to him receiving that benefit until that - - until they are satisfied with regard to his actions.
>
> I would ask that you probably get involved in every program you can, Mr. Batiste, in order to basically enhance your evaluation by the Department of Corrections who will have control and can make decisions either based on their computations or legislatively as things progress over the next years.

Diminution of sentence is, in fact, not permitted to be earned by inmates who have been sentenced as habitual offenders. La.R.S. 15:571.3.

---

holding them like insurance that they - - it's just apparent to me that they want to put you away, that's why they did all of this. And they want to put you away for a long time. If they thought you were gonna [sic] get out early, then they can go forward with those matters and add them on top of whatever else you're going, but that's down the road.

We find this court's opinion in *State v. Green*, 21-14, pp. 5–7 (La.App. 3 Cir. 10/27/21), 329 So.3d 917, 922–23 (alterations in original) (emphasis added), instructive here, wherein the court determined that a sentence founded on a mistake in the sentencing range should be set aside:

> Although the other sentences for violations of La.R.S. 40:967 are within the sentencing range, as the record reflects that the trial court made its sentencing decisions based upon an incorrect sentencing range of two to thirty-one years, we choose to vacate all the sentences under this statute and remand for resentencing. This court has stated**, " '[A] sentence founded on an incorrect view of the law should usually be set aside.'** *State v. Spruell*, 403 So.2d 63, 64 (La.1981)." *State in the Interest of D.B.*, 14-85 (La.App. 3 Cir. 5/7/14), 141 So.3d 296, 306-07. In analyzing this issue, the second circuit observed:
>
>> In *State v. Spruell*, 403 So.2d 63 (La.1981), the defendant pled guilty to possession of marijuana with intent to distribute and was sentenced to five years in prison. The defendant appealed his sentence, arguing, inter alia, that the trial court failed to utilize the correct penalty provisions during sentencing. The record revealed that the court imposed the sentence, cited the statute pertaining to distribution of Schedule II narcotics, rather than a Schedule I narcotic, such as marijuana. The court mistakenly believed that it was imposing the minimum sentence allowable under the charged statute. However, the correct sentencing range for the charged statute was zero to 10 years. *Id*. The Louisiana Supreme Court vacated the sentence, stating:
>>
>>> In reality, the cited penal provision, R.S. 40:967(B)(1), deals only with the intended distribution of Schedule II narcotics, see R.S. 40:964, a classification not including marijuana, the distribution of which carries no minimum penalty and a maximum of ten rather than thirty years' imprisonment. Though the sentence actually imposed fell within the statutorily-prescribed range, the danger that such a mistake of law might have affected the trial court's attempt at leniency appears significant. For this reason, a sentence founded on an incorrect view of the law should usually be set aside.

> The trial court's mistaken view of the statutorily authorized penalty also resulted in its unknowing imposition of a relatively stiff sentence rather than a minimal one. The imposition of such an apparently severe sentence requires record justification by the trial court, whose responsibility it is to ensure that the sentence has a sufficient informational basis to protect the accused's right of review on appeal. Such factual justification is especially crucial where, as here, the accused's guilty plea leaves no other evidence of record which clearly illumines the trial court's sentencing choice.

*Id.* at 64-65 (internal citations omitted).

*State v. Preston*, 47,273, pp. 14–15 (La.App. 2 Cir. 8/8/12), 103 So.3d 525, 533-34.

Although the second circuit distinguished *Spruell* because "nothing in this record convinces us that the trial court intended to impose a lenient sentence for this defendant[,]" it did not question *Spruell's* reasoning. *Id.* at 535. In Mr. Green's case, the trial court incorrectly believed the sentencing range was two to thirty-one years. Thus, the trial court gave Mr. Green sentences it believed to be in the lower to middle range of possible sentences. However, under the correct sentencing scheme, the trial court imposed two higher-range sentences (seven years), a maximum sentence (ten years), and an illegally excessive sentence (fourteen years).

Prior to trial, the state expressed their desire for maximum sentences to the court. In determining the sentence, the trial court went through each of the factors provided in La. C.Cr.P. art. 894.1. Although the trial court found that there were no mitigating factors, it chose to impose sentences it believed to be on the lower end of the sentencing range. It does not appear from the record that the trial court intended to impose such severe sentences, and undoubtedly, the mistaken view of the statutorily authorized penalty directly influenced the penalty received by Mr. Green. Accordingly, the sentences in case numbers 17-4637, 17-4824, 17-4825, and 17-4826 are vacated and remanded for resentencing. This does not affect the sentence for illegal possession of weapons and controlled dangerous substances and the sentence imposed in 17-4638 is affirmed.

While the trial court did not implicitly state it was sentencing Defendant more harshly due to its belief that Defendant would be eligible for good time release, based

on the trial court's statements and calculations, we cannot say that the incorrect belief that Defendant was entitled to good time release did not factor into the trial court's decision regarding Defendant's ultimate sentence. Thus, only because we believe the trial court was acting under a mistaken belief of law regarding Defendant's diminution of sentence eligibility, and that belief may have influenced the sentence, we set aside Defendant's sentence and remand for resentencing. Based on this finding, Defendant's assignment of error concerning the excessiveness of his sentence is rendered moot.

**DECREE:**

Based solely on this court's finding that the trial court acted under a mistaken belief that Defendant was eligible for diminution of sentence, and that belief may have influenced Defendant's sentence, we vacate Defendant's sentence and remand the case for resentencing.

**VACATED AND REMANDED FOR RESENTENCING.**