Judgment rendered September 10, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,375-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

DAVID W. LUPTON, III                  Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 249,650B

Honorable Michael Owens Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Christopher Albert Aberle

JOHN SCHUYLER MARVIN                 Counsel for Appellee
District Attorney

RICHARD RUSSELL RAY
C. CARTER LAWRENCE, JR.
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and HUNTER, JJ.

**ROBINSON, J.**

David W. Lupton, III ("Lupton") was charged with computer-aided solicitation of a minor on January 30, 2024, in violation of La. R.S. 14:81.3. He pled guilty to attempted computer-aided solicitation of a minor on August 7, 2024. As part of the same plea agreement, Lupton also pled guilty to the charge of attempted possession of pornography involving juveniles in a separate matter. A presentence investigation ("PSI") was ordered. Following a sentencing hearing on October 16, 2024, Lupton was sentenced to five years with three years' active probation for the charge of attempted possession of pornography involving juveniles and five years at hard labor for the charge of attempted computer-aided solicitation of a minor. He objected in open court only to the sentence for attempted computer-aided solicitation of a minor charge and filed a motion to reconsider sentence on October 25, 2024, which was denied. He filed a notice of appeal on November 19, 2024, which was granted.

For the reasons set forth below, we VACATE the sentence and REMAND for resentencing.

### FACTS AND PROCEDURAL HISTORY

According to the basic facts provided in connection with the plea agreement, Lupton unlawfully produced, promoted, or advertised pornography involving a juvenile with a date of birth of September 4, 2008, being 15 years old at the time of the offense, during the time frame of September 27, 2023, through December 6, 2023, when Lupton was 19 years old. On November 9, 2023, the Bossier Parish Sheriff's Office ("BPSO") received an Internet Crimes Against Children ("ICAC") Task Force Cybertip Report from the National Center for Missing and Exploited Children

("NCMEC") regarding pornographic content exchanged between Lupton and the minor via Xbox Live Messaging. Lupton sent nude photographs of himself to the minor, messages about having sexual intercourse with her, and requested nude images of the minor. The minor also sent nude photographs of herself to Lupton. An arrest warrant was issued, and Lupton's phone and iCloud account were ultimately searched, revealing additional messages exchanged between him and the minor. Among the exchanges were another nude photograph of the minor and several videos of herself nude engaging in solo sexual behavior. In addition, a video was located in Lupton's iCloud account of an adult female having sexual intercourse with a dog. There is no indication in the record that Lupton had any involvement with the video other than his possession thereof.

Lupton was first charged with one count of pornography involving juveniles in violation of La. R.S. 14:81.1, one count of computer-aided solicitation of a minor in violation of La. R.S. 14:81.3, and one count of indecent behavior with juveniles in violation of La. R.S. 14:81. As the investigation progressed, he was later charged with an additional four counts of pornography involving juveniles in violation of La. R.S. 14:81.1 and one count of sexual abuse of an animal in violation of La. R.S. 14:89.3.

Lupton pled guilty to the amended charges of one count of attempted computer-aided solicitation of a minor and one count of attempted possession of pornography involving juveniles, and the remaining charges were dismissed. During the plea hearing, the trial court did not specifically inform Lupton of the sentencing ranges; rather, the court confirmed with Lupton's counsel that those ranges had been discussed with Lupton. A PSI was ordered by the court following acceptance of the plea agreement.

2

Lupton was ultimately sentenced to five years with three years' active probation for the charge of attempted possession of pornography involving juveniles and five years at hard labor for the charge of attempted computer-aided solicitation of a minor. He objected in open court only to the sentence for attempted computer-aided solicitation of a minor charge and filed a motion to reconsider sentence on October 25, 2024, which was denied. He filed a notice of appeal on November 19, 2024, for only the sentence imposed for the charge of attempted computer-aided solicitation of a minor.

## DISCUSSION

Lupton raises the issue in his brief that the trial court used an incorrect sentencing range for the charge of attempted computer-aided solicitation of a minor. The court indicated that the range for computer-aided solicitation of a minor was 5 to 15 years, thus 2 ½ to 7 ½ years for attempt. It is uncontested by the parties that the correct sentencing range for computer-aided solicitation of a minor is 5 to 10 years, per La. R.S. 14:81.3; therefore, the attempt charge would be a range of 2 ½ to 5 years, per La. 14:81.3B(1)(a). As a result, Lupton received a maximum sentence for attempted computer-aided solicitation of a minor.

Lupton made an oral objection during the sentencing hearing to the 5-year sentence for the charge and filed a timely motion to reconsider sentence; however, he did not specifically refer to the grounds for objection at either juncture. It was not until Lupton's brief that the issue of the incorrect sentencing range was specifically raised.

La. C. Cr. P. art. 920 provides for the scope of appellate review:

Only the following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the

3

pleadings and proceedings and without inspection of the evidence.

In addition, La. C. Cr. P. art. 881.1 states:

Failure to make or file a motion to reconsider sentence or include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Although Lupton did not specifically designate the sentencing error as one of the grounds in his motion to reconsider sentence, it is nevertheless subject to error patent review.

Errors that are not prejudicial to the defendant are not considered reversible error patent, while those errors that are prejudicial to the defendant would be reversible patent error, the same as "plain error" under federal law. *State v. Price*, 05-2514 (La. App. 1 Cir. 12/28/06), 952 So. 2d 112, *writ denied*, 07-0130 (La. 2/22/08), 976 So. 2d 1277, *citing State v. Jackson*, 04-2863 (La. 11/29/05), 916 So. 2d 1015, and *State v. Jones*, 05-0226 (La. 2/22/06), 922 So. 2d 508.

This Court in *State v. Smith*, 54,510 (La. App. 2 Cir. 11/8/23), 374 So. 3d 1035, 1048, *writ denied*, 24-00189 (La. 10/8/24), 394 So. 3d 267, noted that "the misstatement of the sentencing range does not constitute error patent," *citing State v. Martin*, 52,674 (La. App. 2 Cir. 5/22/19), 273 So. 3d 578. The trial court had incorrectly relied on the multiple offender sentence at the time of sentencing, which was 16 to 100 years, rather than the time of the offense, which was 25 to 100 years. There was no discussion regarding the trial court's reasoning, only that the sentence was still in the correct range.

4

This Court in *Martin*, *supra*, actually held that a misstatement of sentencing range *is* an error patent but considered harmless error because it is within range. The sentencing error in *Martin* was virtually identical to that in *Smith*. The trial court incorrectly stated that the sentencing range for a habitual offender convicted of attempted second degree murder was 16 years and 8 months to 100 years at hard labor, but the correct range was 25 to 100 years. This court found the error patent to be harmless because the sentence fell within the proper range. There was no further explanation concerning the finding other than some discussion regarding the trial court's sentencing factors and indications that the sentence was not excessive.

Both the *Smith* and *Martin* opinions discuss whether the trial court's application of an incorrect sentencing range is considered an error patent but found the error to be harmless simply due to the sentence still falling within the correct range. Notably, in both cases, the correct range had a higher minimum sentence, which could have *increased* the sentence had that correct range been applied. Although not specifically stated, it does not appear that the trial courts in either case intended to impose lenient sentences.

This Court also affirmed the lower courts' sentences when an incorrect sentencing range was applied in the cases *State v. Davis*, 48,512 (La. App. 2 Cir. 11/20/13), 128 So. 3d 1230, and *State v. Preston*, 47,273 (La. App. 2 Cir. 8/8/12), 103 So. 3d 525. In *Davis*, the defendant was convicted of distribution of cocaine and sentenced to 20 years at hard labor and appealed his sentence based on the trial court's application of an incorrect sentencing range. The court had incorrectly stated that the minimum sentence for the charge was 10 years, when the correct range was

5

2 to 30 years, with the first 2 years without benefits. This Court noted that, although the trial court had not discussed the factors of La. C. Cr. P. art. 894.1 in detail, all but one mitigating factor could have been ignored without manifest error. The Court reasoned that the incorrect range was harmless error because the trial court did not manifest any intention to give a sentence near the statutory minimum.

In *Preston*, *supra*, the defendant, the boyfriend of the victim's aunt, was convicted of attempted sexual battery of a 14-year-old girl and was sentenced to 7 years after being adjudicated a third-felony habitual offender. The defendant claimed that the trial court erred in his sentence due to an incorrect sentencing range. This Court noted that, although the trial court incorrectly stated that the defendant's sentencing range was 6 to 20 years when it was actually 3.33 to 10 years, "nothing in this record convinces us that the trial court intended to impose a lenient sentence for this defendant." *Id*. at 535.

Regardless of whether appellate review resulted from an assigned error or error patent review, the consistent theme in *Smith*, *Martin*, *Davis*, and *Preston*, was whether the error resulted in prejudice to the defendant. In all those cases, there was either no prejudice to the defendant because the correct range would have subjected him to an increased sentence, and/or the trial court manifested no intention to impose a more lenient sentence and the outcome would not have changed had the incorrect range been applied.

There is an otherwise significant body of law supporting that a sentence founded on an incorrect view of the law should be set aside. *State v. Spruell*, 403 So. 2d 63 (La. 1981); *State v. Hopkins*, 367 So. 2d 346 (La. 1979); *State v. Culp*, 44,270 (La. App. 2 Cir. 7/15/09), 17 So. 3d 429; *State*

6

*v. Mims*, 550 So. 2d 760 (La. App. 2 Cir. 1989); *State v. Butler*, 93-1317 (La. App. 1 Cir. 10/7/94), 646 So. 2d 925, *writ denied*, 95-0420 (La. 6/16/95), 655 So. 2d 340; *State v. Dewhirst*, 527 So. 2d 475 (La. App. 5 Cir. 1988), *writ denied*, 535 So. 2d 740 (La. 1989).

In *Spruell, supra*, the defendant pled guilty to possession of marijuana with intent to distribute and was sentenced to 5 years at hard labor. The trial court cited the statute pertaining to distribution of Schedule II narcotics rather than a Schedule I narcotic such as marijuana and believed it was imposing a minimum sentence. However, the correct sentencing range for the charge was 0 to 10 years. The Louisiana Supreme Court vacated the trial court's sentence and remanded for resentencing, explaining:

> Though the sentence actually imposed fell within the statutorily-prescribed range, the danger that such a mistake of law might have affected the trial court's attempt at leniency appears significant. For this reason, a sentence founded on an incorrect view of the law should usually be set aside.
>
> The trial court's mistaken view of the statutorily authorized penalty also resulted in its unknowing imposition of a relatively stiff sentence rather than a minimal one. The imposition of such an apparently severe sentence requires record justification by the trial court, whose responsibility it is to ensure that the sentence has a sufficient informational basis to protect the accused's right of review on appeal. Such factual justification is especially crucial where, as here, the accused's guilty plea leaves no other evidence of record which clearly illumines the trial court's sentencing choice.

*Id*. at 64-65.

In *Mims, supra*, the defendant was convicted of distribution of marijuana and possession of marijuana with intent to distribute, with both convictions entered on the same day. The trial court imposed consecutive sentences of 10 years for each count. It reasoned that, as a habitual offender, the defendant could be sentenced to maximum consecutive periods of

7

incarceration of 20 years at hard labor for each count. This Court vacated the sentences and remanded for resentencing due to the lower court's incorrect application of the habitual offender enhancement, as a defendant cannot be subject to the enhancement for convictions entered the same day. This Court reasoned:

> Having reviewed all the circumstances of this case, we are unable to determine that the court's error did not affect its sentencing decision or operate to the prejudice of the defendant. We must presume that it did. Therefore we must vacate the sentences and remand the case to the sentencing court.

*Id*. at 764.

In *Culp, supra*, the defendant was convicted of distribution of methamphetamine. The penalty for the offense was imprisonment at hard labor for not less than 2 years nor more than 30 years and a possible fine of not more than $50,000, with no requirement that any portion of the sentence be served without benefits. The district court sentenced the defendant to 15 years at hard labor without benefit of probation or suspension of sentence. Because the district court incorrectly believed that the statute required the defendant to serve at least 5 years of his sentence without benefit of probation or suspension of sentence, this Court vacated the sentence and remanded for resentencing.

In the case at hand, had the trial court's sentencing range of 2 ½ to 7 ½ years been correct, the 5-year sentence imposed would have been midrange. Instead, Lupton received a maximum sentence based on the correct range of 2 ½ to 5 years. Before stating the sentences for both charges of the plea agreement the trial court discussed the following factors applicable to the sentences for both charges of the plea agreement: The judicial system's role as gatekeepers to prevent/deter child predators from

8

enticing minors to do something they normally would not when the defendant is in the position of having more age and experience; Lupton's lack of criminal history, which was one of the biggest factors leading to the plea deal that resulted in charges being dropped that could have exposed him to a greater sentencing range, and which was also considered as a mitigating factor pursuant to La. C. Cr. P. art. 894.1; the impact of sentencing on the defendant's life; and deterring the risk to the public of a repeated offense. When referring specifically to Lupton's 5-year sentence at hard labor, the court noted that: Anything less would deprecate the seriousness of the offense and the seriousness of the risk to the public; consideration was given that this was Lupton's first offense; with help, Lupton could get control of his issues; and although there was a split in circuits as to whether an attempt charge meant "zero to half the maximum," or "half the minimum (2 ½ years) to half the maximum" (the maximum incorrectly stated as 7 ½ years), it did not change what the ultimate sentence would be (5 years).

It does not appear that the court intended to impose the minimum sentence based on its discussion of the sentencing reduction for an attempt charge and that he had received the benefit of other charges being dismissed by the State. On the other hand, it did not give any reasons as to why it would have imposed a maximum sentence, presumably, because it did not believe it was doing so. Rather, the court specifically referred to the mitigating factors of the charges being Lupton's first offense and that it believed rehabilitation was possible, which would seem to indicate that there was no intent to impose a maximum sentence.

The trial court's mistaken view of the statutorily authorized penalty resulted in its unknowing imposition of a maximum sentence, for which no

9

justification was provided in its reasoning. Such factual justification is especially crucial where, as here, the accused's guilty plea leaves no other evidence of record which clearly illumines the trial court's sentencing choice. As in *Spruell*, *supra*, though the sentence actually imposed fell within the statutorily prescribed range, the danger that such a mistake of law might have affected the trial court's decision appears significant. The trial court's mistaken belief of law regarding the sentencing range may have influenced the trial court's sentence to the prejudice of the defendant. Accordingly, we hereby VACATE and REMAND FOR RESENTENCING.

### *Excessive Sentence*

Lupton argues that his sentence for computer-aided solicitation of a minor is constitutionally excessive for a young first offender and is excessive because the trial court failed to give sufficient weight to the mitigating factors pursuant to La. C. Cr. P. art. 894.1.

Based on our finding that the trial court acted under a mistake of law concerning the sentencing range for the charge of attempted computer-aided solicitation of a minor, Lupton's assignment of error concerning excessiveness of sentence is pretermitted.

## CONCLUSION

For the reasons stated hereinabove, Lupton's sentence is hereby VACATED and REMANDED FOR RESENTENCING.

10